IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| KASSIME JOHNSON, | HONORABLE JEROME B. SIMANDLE |
|---|---|
| Plaintiff, | |
| v. | Civil Action No. 16-cv-08042(JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY; WARDEN D. OWENS, | **OPINION** |
| Defendants. | |

APPEARANCES:

Kassime Johnson, Plaintiff Pro Se
1254 Everett Street
Camden, NJ 08104

**SIMANDLE, District Judge:**

## I. INTRODUCTION

Plaintiff Kassime Johnson seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF") and Warden D. Owens ("Warden") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will proceed in part.

**II. BACKGROUND**

The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the truth of Plaintiff's allegations.

Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF as he was confined in an overcrowded, unsanitary facility. Complaint § III. His complaint states: "The Plaintiff Kassime Johnson is a victim of gun violence and has sustained serious injuries from being shot and on or about 9/2002 and April 2016, the Plaintiff was arrested by Camden City Police and was transported to the CCCF. While being housed in the CCCF the plaintiff was given a thin mattress, (2) sheets and blanket and was forced to sleep on the floor of a two man cell, housed with (4) inmates in overcrowded cell. The injuries of the plaintiff made sleeping on the floor, on the thin mattress very painful and plaintiff should have been housed on medical tier but due to overcrowding this was impossible and plaintiff had to sleep on the floor and was denied medical attention. Plaintiff brings constitutional challenges to the conditions of the Jail/ confinement at CCCF. The plaintiff alleges numerous constitutional violations due to inadequate jail conditions that violate plaintiff's eighth and fourteenth amendment rights which are listed as follows: a) due to overcrowding plaintiff who

should have been on medical unit due to injuries causing severe pain was forced to sleep on fifthly floor of overcrowded cell and slept near toilet; b) plaintiff witnessed numerous fights due to inmates (including plaintiff) was denied of basic essentials such as toilet paper, cleaning supplies to clean overcrowded jail cell and when an inmate is urinated on from sleeping on floor near toilet fights ensued; and c) plaintiff had to take meals on dirty trays; d) plaintiff was forced to eat spoiled food on several occasions; e) plaintiff broke out with rashes from having to shower using dirty showers with fungus in them which were rarely cleaned properly due to lack of proper supplies needed to clean showers; f) plaintiff was denied of the right to send the blankets to the laundry service to be cleaned in under to keep up hygenes [sic]; g) plaintiff was denied of medical attention and was in a lot of pain due to gunshot injuries which were not treated as plaintiff slept on the floor. The Defendants CCCF and Warden Owens did not do anything to prevent these conditions of overcrowding, medical attention, cleaning supplies and the conditions of the kitchen where food was stored and prepared. There is an ongoing rodent problems as well as insect problems." *Id.*

Plaintiff states this occurred in approximately September 2002 and April 2016. *Id.* With respect to the requested relief, Plaintiff seeks monetary compensation. *Id.* § V.

3

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

28 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

## IV. DISCUSSION

Plaintiff alleges he experienced unconstitutional conditions of confinement and was denied medical care during his detention at CCCF.

### A. Conditions of Pretrial Confinement

Plaintiff alleges he experienced unconstitutional conditions of confinement at CCCF due to overcrowding. "[U]nder

the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted).

The claims against CCCF must be dismissed with prejudice because it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

6

Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutional conditions of confinement against the Warden. Specifically, he alleges that the overcrowded conditions led to unsanitary conditions in the cells, lack of cleaning supplies and laundry services, rodent infestation and unsanitary food preparation. Further, the conditions of confinement may not have been appropriate for an individual with Plaintiff's alleged medical needs. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutional conditions at CCCF. The claim shall therefore be permitted to proceed against the Warden.

As Plaintiff stated this occurred in approximately September 2002 and April 2016, Plaintiff may only seek relief for the conditions Plaintiff encountered during periods of confinement for the April 2016 incarceration. Any claims related to the September 2002 incarceration are barred by the statute of limitations and must be dismissed with prejudice, meaning that Plaintiff cannot recover for those claims because they have been brought too late.[1] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must

---

[1] Plaintiff filed this complaint on September 30, 2016.

7

be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

The allegedly unconstitutional conditions of confinement at CCJ, namely the overcrowding, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims arising from his incarcerations of approximately September 2002 expired in 2004, before this complaint was filed in 2016. Plaintiff therefore cannot recover for these claims and they will be dismissed with prejudice.

Plaintiff's claims regarding the April 2016 incarceration have been sufficiently pled to be permitted to proceed against the Warden.

## B. Denial of Medical Care Claim

The complaint should also be reasonably construed as raising a denial of Medical Care Claim. Plaintiff alleges that while detained at the CCCF, he was denied medical care for a gunshot wound and sustained pain due to the lack of medical treatment. Complaint § IV.

The Due Process Clause of the Fourteenth Amendment applies to pretrial detainees' claims of inadequate medical care. *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016). "[T]he Fourteenth Amendment in this context incorporates the protections of the Eighth Amendment" (*Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)), and most cases have stated that, at a minimum, the Eighth Amendment's "deliberate indifference" standard will suffice. In other words, substantive due process rights are violated only when the behavior of the government official is so egregious and outrageous that it "shocks the conscience." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Detention Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004) (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

Applying this principle in the context of a claim for violation of the right to adequate medical care, a pretrial detainee must allege the following two elements to set forth a cognizable cause of action: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the *Estelle* inquiry, an inmate must demonstrate that his medical needs are serious. The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment"; (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention"; or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted). When evaluating this first element under *Estelle,* courts consider factors such as "the severity of the medical problems, the potential for harm if the medical care is denied or delayed and whether any such harm actually resulted from the lack of medical attention." *Maldonado v. Terhune*, 28 F. Supp.2d 284, 289 (D.N.J. 1998).

The second element of the *Estelle* test is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL

1522130, at *4 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[,] *Nicini v. Morra*, 212 F.3d 798, 815 n. 14 (3d Cir. 2000) [and] in situations where 'necessary medical treatment is delayed for non-medical reasons.' *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)[,] [*cert. denied*, 486 U.S. 1006 (1988)]." *Natale*, 318 F.3d at 582.

Here, Plaintiff's claim of lack of medical treatment for a gunshot wound could satisfy these two prongs required for his Medical Care Claim and the Court will allow this claim to proceed against the Warden. *Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582. As discussed above, this claim will only be allowed to proceed as to the April 2016 detention.

## V. CONCLUSION

For the reasons stated above, Plaintiff's Complaint is dismissed in part and shall proceed in part. The complaint is dismissed with prejudice at to the CCCF and shall proceed on the due process claims and medical care claims against the Warden.

An appropriate order follows.

**October 19, 2017**            **s/ Jerome B. Simandle**
Date                               JEROME B. SIMANDLE
                                      U.S. District Judge